UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
NOV 07 2014
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| 1) MARIAN LORETTA TURNER,<br>     Plaintiff,<br>v.<br><br>1) UNITED STATES OF AMERICA,<br>ex rel. THE DEPARTMENT OF<br>HEALTH AND HUMAN SERVICES;<br><br>2) UNITED STATES OF AMERICA,<br>ex. rel. PUBLIC HEALTH SERVICES;<br><br>3) UNITED STATES OF AMERICA,<br>ex. rel. INDIAN HEALTH SERVICES;<br><br>4) UNITED STATES OF AMERICA,<br>ex. rel. CLAREMORE INDIAN<br>HOSPITAL;<br><br>5) JUNI A. FEMI-PEARSE, M.D.;<br><br>6) AMEDISYS QUALITY<br>OKLAHOMA, L.L.C. d/b/a AMEDISYS<br>HOME HEALTH,<br>     Defendants. | Case No. 14 CV - 671 JED - TLW |

## COMPLAINT

COMES NOW the Plaintiff, Marian Turner, by and through her counsel of record, Ken Ray Underwood and for her claims against the Defendants, the United States of America, ex rel the Department of Health and Human Services, Public Health Services, Indian Health Services, Claremore Indian Hospital, Juni A. Femi-Pearse, M.D. and Amedisys Quality Oklahoma, L.L.C. d/b/a Amedisys Home Health and states the following:

1

## JURISDICTION AND VENUE

1. This is a medical negligence claim involving substandard care provided to the Plaintiff at the Claremore Indian Hospital by their staff, their agents, apparent agents and ostensible agents, all of which provide health care under and/or operate as part of the Indian Health Service and/or Public Health Service Agencies of the Unites States Department of Health and Human Services.

2. The Plaintiff's claims are brought against the United States pursuant to 28 U.S.C. §2671 et seq, the Federal Tort Claims Act or "FTCA" seeking money damages for injuries to the Plaintiff, Marian Turner, caused by the negligence and acts and omissions of the United States, Claremore Indian Hospital, their agents, employees, apparent agents and ostensible agents acting within the scope of their employment when they provided substandard care to the Plaintiff during October through December 12, 2012 and exclusive jurisdiction over this claim is conferred upon this Court by 28 U.S.C. §1346(B)(1).

3. Venue is proper in this District under 28 U.S.C. §1402(B) in that the Plaintiff resides within Tulsa County and the acts giving rise to this claim occurred within this District in Claremore, Oklahoma.

4. The Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 over the Plaintiff's State Law negligence claims against Dr. Juni A. Femi-Pearse, M.D. and Amedisys (which are pled alternatively to the extent the United States is ultimately not liable for such individuals as its agents, ostensible agents, apparent agents or employees); because all of Plaintiff's claims, facts and series of events deform a part of the same claim or controversy and involved joint tortfeasors and are properly pursued together in one judicial proceeding in the

State Court if not for this Court's exclusive jurisdiction over the Plaintiff's FTCA claim against the United States.

5. In compliance with the FTCA, 28 U.S.C. §2675, Plaintiff timely presented written Notice of her claim to the United States on the 9th day of April, 2014 seeking money damages in the amount of $2,200,000 for her injuries. (A copy of the Plaintiff's FTCA Notice without the exhibits is attached to this Complaint and marked **Exhibit A.**)

6. The United States, more particularly, the Department of Health and Human Services received the Plaintiff's FTCA Notice on the 15th day of April, 2014 and acknowledged that receipt by written confirmation. (A copy of the written confirmation from the Department of Health and Human Services is attached as **Exhibit B.**)

7. The United States has had more than six (6) months to respond or otherwise take action on Plaintiff's claims. As of the filing of this Notice, no response or action has been taken or communicated to the Plaintiff. The failure of the United States to dispose of Plaintiff's claim within six (6) months shall, at the Claimant's option, be deemed a final denial of the Plaintiff's claim. 28 U.S.C. §2675.

8. The Plaintiff has fully exhausted her administrative remedies and timely initiated this Complaint pursuant to FTCA 28 U.S.C. §2675.

## THE PARTIES

9. The Plaintiff is a resident of Tulsa County, Oklahoma.

10. The Defendant, more specifically the Department of Human Services has numerous agencies including the Indian Health Service and/or Public Health Service which provides health care to Native Americans such as the Plaintiff, Marian Turner.

11. The Defendant, Claremore Indian Hospital is a facility located in Claremore, Oklahoma, which provides health care and operates as part of the Indian Health Services.

12. The Defendant, Dr. Juni A. Femi-Pearse, M.D. provided medical care and treatment to the Plaintiff Marian Turner at the Claremore Indian Hospital.

13. The Defendant, Amedisys Quality Oklahoma, L.L.C. d/b/a Amedisys Home Health provided home health care to the Plaintiff Marian Turner, under the direction of Dr. Juni A. Femi-Pearse.

## FACTS

14. On October 15, 2012, the Plaintiff presented to the Claremore Indian Hospital with complaints of abdominal pain and was diagnosed with diverticulitis. An exploratory surgery was performed by Dr. Junie A. Femi-Pearse, M.D. at the Claremore Indian Hospital and a portion of the Plaintiff's colon was removed and a colostomy was put in place. The Plaintiff was discharged from the Claremore Indian Hospital on October 29, 2012 with instructions to follow up with her surgeon in two (2) weeks. In a matter of days her pain worsened and she developed an infection. She returned to the Claremore Indian Hospital on repeated occasions and was admitted for observation, diagnostic testing and treatment but there was nothing done that relieved the intense pain the Plaintiff was suffering or resolved her infection. She was prescribed home health care by Amedisys to provide care and treatment for the healing complications which continued for the Plaintiff. She was last seen at Claremore Indian Hospital on December 8, 2012 when she was admitted through the emergency room for treatment and discharged December 9, 2012 with instructions to return at the next scheduled appointment. Instead, the Plaintiff presented to St. Francis Hospital in Tulsa, Oklahoma on December 12, 2012 and a CT scan showed a foreign object which appeared to be packing material. An exploratory

surgery was performed to remove the foreign body and to revise the colostomy and create a loop ileostomy.

15. The Plaintiff continues to have a colostomy currently and has continued to experience complications arising from the infection created by the foreign object which was left inside her during the treatment she received from the Claremore Indian Hospital.

## PLAINTIFF'S CLAIM FOR RELIEF

16. Plaintiff incorporates paragraphs 1 through 15 and further alleges and states as follows:

17. The medical care and treatment provided to Marian Turner by the United States, the Claremore Indian Hospital, their agents, ostensible agents and apparent agents while acting within the scope of their employment failed to meet the minimum standards of care for health care practitioners. The Defendants failed to account for packing materials which they used to treat Marian Turner and negligently failed to remove those packing materials from her; failed to properly diagnose Marian Turner; and failed to treat her for the infectious disease process which was creating intraabdominal abscesses and preventing her wound from healing. The packing materials which were left inside the Plaintiff ultimately required an exploratory surgery to remove the packing materials and to revise the colostomy which had been placed at the Claremore Indian Hospital.

18. The Defendant, Claremore Indian Hospital, their employees, agents, apparent agents and ostensible agents had control over the Plaintiff's wound care and the events giving rise to Plaintiff's injury, complications and damages do not ordinarily occur absent negligence and this claim of negligence falls in the category of *"res ipsa loquitur"*.

19. The Defendant, Indian Health Services is vicariously responsible for the acts and omissions of its employees, agents, ostensible agents and apparent agents including Dr. Juni A. Femi-Pearse, M.D. and Amedisys Quality Oklahoma, L.L.C. d/b/a Amedisys Home Health and their employees, all of whom provided substandard care to the Plaintiff, Marian Turner.

20. In the alternative, the Defendants, Dr. Juni A. Femi-Pearse and Amedisys Quality Oklahoma, L.L.C. d/b/a Amedisys Home Health and its employees are directly liable for Plaintiff's injuries and damages arising from their negligence under the laws of the State of Oklahoma. At all times, the Defendants had the affirmative obligation to take reasonable steps and to make reasonable efforts to determine the cause of Marian Turner's infection and determine the presence of the foreign object which could have been removed thereby preventing the complications which Marian Turner endured and the damages she has suffered.

21. As a result of the negligence of the Defendants, the Plaintiff lost her job, lost income and continues to lose income; had permanent and disfiguring injuries and continues to live with a colostomy; has endured pain and continues to suffer physical, mental and emotional pain now and will suffer such pain into the future; and has medical bills past and future and related expenses, losses and other related damages in the amount totalling $2,200,000.

22. Counsel for the Plaintiff, Ken Ray Underwood has consulted with a qualified expert and has obtained a Certificate of Merit supporting this claim as required by Oklahoma Law.

WHEREFORE, the Plaintiff prays that the Court enter judgment against the Defendants jointly and severely for damages and losses in the amount stated in the Federal Tort Claims Notice of $2,200,000 together with interest, cost and such other further relief which this Court may deem just and proper.

Respectfully submitted,

/s/ Ken Ray Underwood
Ken Ray Underwood, OBA#9156
1408 S. Harvard Ave., Suite B
Tulsa, OK 74112
918-582-7447
918-582-0166 fax
ken@ulawok.com
www.ulawok.com
***Attorney for Plaintiff, Marian L. Turner***

# *Ken Ray Underwood*

ATTORNEY AT LAW
1408 S. HARVARD AVE., STE. B
TULSA, OKLAHOMA 74112
(918) 582-7447
(918) 582-0166 Fax
ken@ulawok.com
www.ulawok.com

## NOTICE OF CLAIM

### PURSUANT TO
### THE FEDERAL TORT CLAIMS ACT
### (Title 28 U.S.C.A., §2671, et seq.)

*CLAIMANT*:      MARIAN LORETTA TURNER; DOB: 06/29/1957; SSN: 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

*TORTFEASOR*:   THE CLAREMORE INDIAN HOSPITAL
                AND ITS AGENTS AND EMPLOYEES
                Attn: George Valliere, Chief Executive Officer
                101 S. Moore Ave.
                Claremore, OK 74017

-AND-

Dr. Yvette Roubideaux, M.D., MPH,
Acting Director
Indian Health Service
Reyes Building
801 Thompson Ave.
Rockville, MD 20852

Office of the General Counsel
U.S. Department of Health & Human Services
330 C. Street
S.W. Switzer Building, Suite 2600
Washington, D.C. 20201

Kevin Meeks, MPH, IHS Area Director
701 Market Drive
Oklahoma City, OK 73114

Danny Williams, U.S. Attorney
Northern District of Oklahoma
110 W. 7th Street, Suite 300
Tulsa, OK 74119

Dee Thompson, Regional Counsel
U.S. Department of Health & Human Services
1301 Young Street, Suite 1138
Dallas, TX 75202

SUBMITTED BY:

KEN RAY UNDERWOOD
Attorney at Law
1408 S. Harvard Ave., Suite B
Tulsa, OK 74112
(918) 582-7447
ken@ulawok.com



# NOTICE OF FEDERAL TORT CLAIMS ACT CLAIM

**CLAIMANT:**        MARIAN LORETTA TURNER
                    JENKS, OKLAHOMA

**INVOLVED FACILITY:**   CLAREMORE INDIAN HOSPITAL
                        CLAREMORE, OKLAHOMA

**INTRODUCTION:**

I represent Marian Turner. (I have attached as **Exhibit 1** to this Tort Claim a copy of my Attorney Client Contract authorizing me to act on her behalf.) This claim arises from care and treatment which Marian Turner received at the Claremore Indian Hospital from October 15, 2012 through December 9, 2012. The providers at the Claremore Indian Hospital left some packing material inside of Marian's abdomen after surgery. As a result, Marian was directed to St. Francis Hospital where an exploratory surgery was done to remove the foreign material and to wash out and debride the abdominal wall abscesses created by infection. There was an extended hospital stay, repeat surgeries, repeat hospitalizations, permanent disability and a need for lifetime medical care.

## MARIAN TURNER

Marian Loretta Turner was born June 29, 1957 making her 56 years old. She has worked at Walmart for the last eight (8) years on a full time basis earning $13.50 per hour. She lives at 411 W. K Place, Apt. 610, Jenks, OK 74037. Marian was in relatively good health before she went to the Claremore Indian Hospital for diverticulitis in October of 2012. Marian now has a permanent colostomy; is on Social Security Disability and requires ongoing medical supplies and medical care.

## THE OPERATIVE FACTS

On October 15, 2012 Marian presented to the Claremore Indian Hospital with abdominal pain and was diagnosed with diverticulitis. Dr. Juni Femi-Pearse did an exploratory laparotomy; colectomy and colostomy. Marian was discharged on October 29, 2012. She returned to the Claremore Indian Hospital with pain and burning at the incision site. The wound was packed with gauze and radiology reports reflected multiple pockets of air versus cellulitis or abscess. She returned again on November 15, 2012 because of the ongoing pain, drainage and difficulty fitting the colostomy bag. Marian continued to have pain, continued to return Claremore Indian Hospital for the pain in her abdomen and drainage from her wound. On her last visit, December 9, 2012, Marian was in constant pain and had chills, nausea and vomiting. The conclusion was that Marian had a bad yeast infection.

At the suggestion of one of the home healthcare nurses, Marian went to St. Francis Hospital where she was admitted for diagnostic tests and evaluation. A CT of the abdomen reflected a possible foreign object. Dr. Nathan Powell performed an exploratory laparotomy and removed the foreign body performing a takedown of the colostomy, washout and debridement of the abscesses, and created a coloproctostomy and loop ileostomy. Marian remained in the hospital until January 6, 2013.

Marian continued to see Dr. Powell for follow up care and was readmitted to St. Francis Hospital on January 28, 2013 for abdominal pain and possible infection. She was released on February 4, 2013 after further debridement. Marian was last admitted to St. Francis Hospital in November of 2013 for abdominal pain, acute kidney failure and chronic abdominal wound. She was hydrated and provided IV antibiotics. Marian continues to see the medical doctors from St. Francis Hospital on an as needed basis for her abdominal pain, and colostomy.

## THE NEGLIGENCE OF THE CLAREMORE INDIAN HOSPITAL AND IT'S EMPLOYEES

The Indian Health Service and Claremore Indian Hospital failed to properly treat Marian Turner. They failed to properly diagnose the cause of her raging infection and failed to perform the necessary diagnostic tests and radiographical studies to find the offending foreign material which was left inside Marian by the doctor, staff and employees of the clinic. Under Oklahoma Law, the unexpected consequences of an operation which do not ordinarily occur in the absence of negligence form the basis of a claim that speaks for itself under the *res ipsa* doctrine. 76 O.S. §21 and *Jackson v. Oklahoma Memorial Hospital*, 1995 OK 112. (Attached as **Exhibit 2** are the relevant medical records and chronology of treatment from the Claremore Indian Hospital and St. Francis Hospital which more fully document and reflect the substandard care provided by the Claremore Indian Hospital and Marian's condition, injury and damages.)

## DAMAGES

The cost of Marian's medical treatment and her medical supplies and prescriptions is currently $289,640.97. (Copies of her bills and a summary of those bills are attached as **Exhibit 3**.) Marian continues to have ongoing medical needs and will have a lifetime of treatment and will require medical supplies for the rest of her life. The cost of her treatment and supplies will be approximately $625,000.00.

At the time of Marian's injury she had been working at the Walmart store full time earning $13.50 per hour. As a result of her injury, Marian can no longer work. She had a remaining work life of at least twelve (12) years. (I have enclosed as **Exhibit 4** copies of Marian's tax returns for the last three years she worked.) Her lost income will be approximately $336,960.00.

As a result of the negligence of Indian Health Service and Claremore Indian Hospital, Marian continues to have abdominal pain, scarring and disfigurement. (Attached as **Exhibit 5** are several photographs of Marian's abdominal wound, colostomy and bag.)

Marian now lives with uncertainty and anxiety that she will have wound complications, infection and perhaps dehiscence. She is embarrassed and humiliated by having a colostomy bag full time and permanent. She cannot travel without supplies and a change of clothes to deal with an unexpected discharge from you colostomy bag.

## WITNESSES

The healthcare providers treating Marian are reflected in the medical records attached as Exhibit 2. Marian's significant other, Scott Fitch and her son Bradley Kevin Turner are also witnesses. They live with Marian and can be reached through her counsel, Ken Ray Underwood.

## CONCLUSION

Marian Turner has endured unnecessary pain, anxiety and losses arising from an event which was entirely preventable if the Indian Health Service, Claremore Indian Hospital and its employees had used reasonable care. Marian will continue to have lost income, medical expenses, pain, uncertainty, embarrassment, humiliation and disfigurement for the rest of her life. The claim warrants payment of money damages in an amount of $2,200,000.00.

A Form 95 signed by Marian Turner is attached as **Exhibit 6**.

**AMOUNT OF CLAIM:**   $2,200,000.00

Dated this 9th day of April, 2014.

Respectfully submitted,

Ken Ray Underwood
1408 S. Harvard Ave., Suite B
Tulsa, OK 74112
(918) 582-7447
ken@ulawok.com

4

5

## CERTIFICATE OF MAILING

A copy of this claim and attachments was mailed on the 9th day of April, 2014, postage prepaid to the following:

Dr. Yvette Roubideaux, M.D., MPH,
Acting Director
Indian Health Service
Reyes Building
801 Thompson Ave.
Rockville, MD 20852

Office of the General Counsel
U.S. Department of Health & Human Services
330 C. Street
S.W. Switzer Building, Suite 2600
Washington, D.C. 20201

Kevin Meeks, MPH, IHS Area Director
701 Market Drive
Oklahoma City, OK 73114

Danny Williams, U.S. Attorney
Northern District of Oklahoma
110 W. 7th Street, Suite 300
Tulsa, OK 74119

Dee Thompson, Regional Counsel
U.S. Department of Health & Human Services
1301 Young Street, Suite 1138
Dallas, TX 75202



**DEPARTMENT OF HEALTH & HUMAN SERVICES**

Office of the General Counsel
General Law Division
Claims Office
330 C Street, S.W.
Switzer Building, Suite 2600
Washington, D.C. 20201
Ph: (202) 233-0235
Fax: (202) 233-0232

APR 22 2014

Ken Ray Underwood, Esq.
Attorney at Law
1408 South Harvard Avenue, Suite B
Tulsa, Oklahoma 74112

Re: **Administrative Tort Claim of Marian Loretta Turner, Claim No. 2014-286**

Dear Mr. Underwood:

This will acknowledge receipt of your client, Marian Loretta Turner's administrative tort claim for personal injury as the result of the alleged medical care and treatment rendered to Ms. Turner, from October 5, 2012 through December 9, 2012, by Dr. Juni Femi-Pearse and Claremore Indian Hospital, located in Claremore, Oklahoma. Your client's administrative tort claim was received in the Claims Office on April 15, 2014 for consideration and reply.

In order to properly evaluate your client's administrative tort claim for damages, please forward to this office, at the address listed above, the following substantiating evidence:

1.) **THREE HARD COPIES** (can be on CD's) of all pertinent, X-rays, ultrasonography, computed tomography (CT) and magnetic resonance imaging (MRI);

2.) Evidence substantiating any economic loss claimed as damages;

3.) If a claim is made for lost wages, a signed statement form your client's former employer showing actual time and wages lost; and

4.) Any other evidence or information which may have a bearing on the Indian Health Service and/or their employees involved for the death claimed.


PLAINTIFF'S EXHIBIT B

<u>AS ALL MAIL DELIVERED TO FEDERAL GOVERNMENT BUILDING IS X-RAYED/RADIATED, AND *MAY BE DAMAGED* DURING THE PROCESS, PLEASE FORWARD ALL EVIDENCE TO THIS OFFICE USING FEDEX, DHL OR UPS.  PLEASE DO NOT FAX MEDICAL EVIDENCE OR SEND CDs or X-RAYS BY U.S. MAIL</u>.

Please be advised that all evidence must be furnished by the claimant within a reasonable period of time.  By operation of 45 C.F.R. § 35.4(d), a claimant's failure to furnish evidence necessary to make a determination of his/her claim within three months after a request has been made, may be deemed an abandonment of the claim.  Further, a claimant's failure to provide requested evidence during the administrative claim process may result in a finding that his/her administrative remedies have not been exhausted, even if suit is filed more than six months after filing an administrative claim.  See <u>Swift v. United States</u>, 614F.2d812 (1st Cir. 1980).

Yours truly,

Daniel F. Mendoza
Paralegal Specialist
Claims and Employment Law Branch